■ ANDREW RUSSO, Individually and as President of Three Brothers Carting, Inc., Respondent, v BRUCE C. RATNER, as Commissioner of Department of Consumer Affairs of City of New York, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Consumer Affairs revoking petitioner's commercial refuse removal license, the appeal (by permission) is from an order of the Supreme Court, Kings County (Jones, J.), dated August 11, 1980, which, *inter alia,* annulled the determination and remitted the matter to the appellant commissioner for further proceedings. The appeal brings up for review so much of an order of the same court dated November 21, 1980, as, upon granting appellant's motion to reargue, adhered to its original decision. Appeal from the order dated August 11, 1980 dismissed as academic, without costs or disbursements. Said order was superseded by the subsequent order granting reargument. Order dated November 21, 1980 reversed, insofar as reviewed, without costs or disbursements, order dated August 11, 1980 vacated and proceeding dismissed. The order revoking petitioner's license was dated February 19, 1980 and received February 22, 1980, to become effective March 6, 1980. This proceeding was not commenced until July 9, 1980, more than four months later (see CPLR 217) and is therefore time barred. Damiani, J. P., Gulotta, Margett and Bracken, JJ., concur.

■ RONNIE SACHS, Formerly Known as RONNIE WECHSLER, Appellant, v CHARLES WECHSLER, Respondent. — In an action in which the parties had previously been granted a dual divorce, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Derounian, J.), entered June 24, 1980, as denied her motion, *inter alia,* to modify the divorce judgment with respect to the provisions for child support. Order modified, on the facts, by adding to the first decretal paragraph, after the word "denied", the following: "except that defendant shall reimburse plaintiff for all sums paid by her on account of the $2,100 orthodontia bill for treatment of the infant issue, and shall pay the balance as due". As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Under the circumstances, plaintiff's motion should have been granted to the extent indicated. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.